UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:11-CR-00025-BR-2

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PERRY RASHAWN WILKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the post-judgment motion of Defendant Perry Wilkins ("Defendant") to proceed *in forma pauperis* under Rule 24 of the Federal Rules of Appellate Procedure and requesting a copy at the government's expense of his sentencing transcript. [DE-70]. Defendant states that he is currently indigent and unable to pay the $73.00 cost for the documents he requests and provides a copy of his inmate account statement in support of the motion. *Id.* Plaintiff previously demonstrated eligibility for appointment of counsel at the government expense in this matter [DE-9], and accordingly may proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or a statute provides otherwise." Fed. R. App. P. 24(a)(3).

Here, Defendant provides no information regarding why he requires a copy of his sentencing transcript. *See Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152 (4th Cir.1972) ("An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."). Defendant was sentenced on December 5, 2011 [DE-54] and judgment was entered on December 12, 2011 [DE-56]. Defendant did not

appeal his conviction or sentence. To the extent Defendant seeks to pursue a motion under 28 U.S.C. § 2255, there is no constitutional requirement that the government provide an indigent defendant with free transcripts or other court documents in order to collaterally attack a conviction or sentence and the defendant must show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (citing *Jones*, 460 F.2d at 152-53). Defendant does not have a proceeding pending, e.g., a § 2255 proceeding, such that the Court would be required to provide a transcript copy at the government's expense pursuant to 28 U.S.C. § 753(f).[1] Accordingly, Defendant's motion is denied without prejudice to renew his motion upon a proper showing.

SO ORDERED, this the 13 day of July 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

---

[1] The circumstances under which the court may provide an indigent defendant a copy of his transcript at the government's expense are addressed in 28 U.S.C. § 753(f). Specifically, the statute states that a free transcript shall be provided to an indigent defendant permitted to bring an action pursuant to 28 U.S.C. § 2255 *in forma pauperis* and "if the trial judge ... certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit...." 28 U.S.C. § 753(f); *see also United States v. MacCollum*, 426 U.S. 317, 326 (1976) (establishing that indigent defendants do not have a constitutional right to a free transcript to pursue post-conviction relief).

2